IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

JAIME ENRIQUE PEREZ,

    Petitioner,                           No. CIV-S-05-1369 DFL KJM P

    vs.

THOMAS FELKER,

    Respondent.                        FINDINGS AND RECOMMENDATIONS

_____/

        Petitioner is a California prisoner proceeding pro se with an application for writ of habeas corpus under 28 U.S.C. § 2254. On February 23, 2006, respondent filed a motion to dismiss. As a preliminary matter, counsel for respondent asks that Thomas Felker be substituted as respondent, as Felker is now the warden at the prison where petitioner is incarcerated. Under Federal Rule of Civil Procedure 25(d)(1) and <u>Brittingham v. United States</u>, 982 F.2d 378, 379 (9th Cir. 1992), Felker will be substituted for David Runnels.

/////
/////
/////
/////
/////

1

Respondent's first argument in his motion to dismiss is that this action, commenced on June 30, 2005,[1] is barred by the applicable limitations period. The Antiterrorism and Effective Death Penalty Act provides as follows:

> A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of –
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1).

Title 28 U.S.C. § 2244(d)(2) provides that "the time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection."

Based on the material submitted by the parties, the court finds that the limitations period in this action started to run under § 2244(d)(1)(A). Direct review concluded with respect to petitioner's convictions and sentences on March 11, 2003, when time expired for petitioner to

/////

/////

---

[1] This action was commenced when petitioner submitted his habeas corpus application to prison officials for mailing. Pet. at 248; see Houston v. Lack, 487 U.S. 266, 270 (1988).

2

1  seek a writ of certiorari in the United States Supreme Court.[2]  See Resp't's Lodged Document

2  No. 4 (California Supreme Court denial of review on December 11, 2002); Supreme Court Rule

3  13; Bowen v. Roe, 188 F.3d 1157, 1159 (9th Cir. 1999).

4  The limitations period then ran for 252 days between March 12, 2003 and

5  November 18, 2003.  On November 19, 2003, petitioner commenced his first state post-

6  conviction action concerning the claims presented in this action.[3]  Resp't's Lodged Document

7  No. 5 (last page).  While it may appear petitioner's first state post-conviction petition was filed in

8  the Superior Court of San Joaquin County on December 10, 2003, Resp't's Lodged Document

9  No. 5 at 1, the "mailbox rule" announced in Houston v. Lack, supra, applies to the filing of state

10 post-conviction petitions for purposes of tolling the limitations period in a § 2254 action.  Smith

11 v. Duncan, 297 F.3d 809, 815 (9th Cir. 2002).  Petitioner's San Joaquin County post-conviction

12 petition, mailed on November 19, 2003, was denied on February 6, 2004.  Resp't's Lodged

13 Document No. 7.  Under 28 U.S.C. § 2244(d)(2), then, the limitations period applicable to this

14 action was tolled between November 19, 2003 and February 6, 2004.

---

[2] Petitioner suggests that the limitations period should not be deemed to have started until four months after he received the California Supreme Court's denial of his direct review petition for review because his trial transcripts had been lost in the mail until that time.  Opp'n at 4:3-8.  As noted below, petitioner is entitled to tolling for the three months following the denial of the petition for review.  Under the doctrine of "equitable tolling," the limitations period can be tolled if extraordinary circumstances beyond petitioner's control made it impossible for petitioner to file his habeas application on time.  See Miranda v. Castro, 292 F.3d 1063, 1066 (9th Cir. 2002).  However, a one month delay in obtaining trial transcripts is not extraordinary, and petitioner has not shown that this delay had any significant effect on petitioner's ability to bring this action in a timely manner.  Espinoza-Matthews v. California, 432 F.3d 1021, 1026 (9th Cir. 2005) (whether or not circumstances are beyond a petitioner's control, making timely filing impossible, is a "highly fact dependent" inquiry and petitioner "bears the burden of showing that equitable tolling is appropriate").

[3] Petitioner suggests that he waited until November 19, 2003, to file his first state habeas action because he could not obtain a copy of the petition for his own use until then.  Opp'n at 1:20-2:12 & Ex. A.  This is an insufficient reason to warrant equitable tolling of the limitations period because petitioner has not shown that he had to wait to file his first state habeas petition until he could make a copy of it, nor has petitioner shown that he made a sufficient but ultimately frustrated effort to copy the petition.  Cf. Miranda, 292 F.3d at 1067-68; Espinoza-Matthews, 432 F.3d at 1027.

3

1    Petitioner filed his next application for post-conviction relief in the California
2 Court of Appeal on May 15, 2004, after ninety-eight more days of the limitations period had
3 elapsed. Resp't's Lodged Document No. 8 (last page). A comparison of petitioner's superior
4 court petition with his appellate court petition reveals that the claims raised in each are different.
5 In the appellate court petition, petitioner asserts appellate counsel was ineffective in a number of
6 respects. Resp't's Lodged Document No. 8 at 4-14. Petitioner did not raise ineffective
7 assistance of appellate counsel in his superior court petition. Resp't's Lodged Document No. 5 at
8 4-14. In fact, the claims raised in the first superior court application were never again presented
9 to a California court.

10    Under these circumstances petitioner is not entitled to tolling of the limitations
11 period for the ninety-eight days between the date his first petition was denied by the San Joaquin
12 County Superior Court and the date he filed his next petition in the California Court of Appeal.
13 In Carey v. Saffold, 536 U.S. 214 (2002), the Supreme Court found that habeas petitioners are
14 entitled to tolling of the limitations period under 28 U.S.C. § 2244(d)(2) between the period of
15 time after which a habeas petition is denied at a lower court and then filed at a higher one to the
16 extent that petitioner seeks higher court review of the lower court's decision. Carey, 536 U.S. at
17 221-25. This rule does not apply in situations such as the one presented here where a petitioner
18 abandons the claims presented at the lower court for new claims presented at the higher court.
19 During the period of time between court actions, nothing was "pending" within the meaning of
20 28 U.S.C. § 2244(d)(2). Welch v. Carey, 350 F.3d 1079, 1082-83 (9th Cir. 2003), cert. denied,
21 541 U.S. 1078 (2004). Thus, through the date of the filing of petitioner's appellate court
22 application for post-conviction relief on May 15, 2004, 350 days of the one-year limitations
23 period had expired. To avoid being time-barred, this petition in this action would have to have
24 been filed by May 29, 2004, absent further tolling.

25    Respondent argues that the action filed in the court of appeal also does not serve
26 to toll the limitations period during that action's pendency because it was not "properly filed" as

4

required by 28 U.S.C. § 2244(d)(2).  In <u>Artuz v. Bennett</u>, 531 U.S. 4, 8 (2000), the United States Supreme Court clarified that to be "properly filed" under 28 U.S.C. § 2244(d)(2), a state habeas petition must, among other things, be "delivered to, and accepted by, the appropriate court officer . . ."

When the state court of appeal denied petitioner's application it cited <u>In re Hillery</u>, 202 Cal.App.2d 293 (5th Dist. 1962), and made no further comment.  Resp't's Lodged Document No. 9.  <u>Hillery</u> held that absent a showing of an extraordinary circumstance warranting action by the court of appeal in the first instance, post-conviction claims should be passed upon by the superior court before they are presented to the court of appeal.  <u>Hillery</u>, 202 Cal.App.2d at 294.  In the post-conviction petition filed with the court of appeal, petitioner made no attempt to show that extraordinary circumstances warranted his bypassing the superior court with his new claims.  In fact, there is nothing suggesting any reason why the petition should have been filed in the court of appeal in the first instance and no argument by petitioner indicating why he filed the petition in the appellate court.[4]

Petitioner's appellate court petition for post-conviction relief was not "properly filed" within the meaning of 28 U.S.C. § 2244(d)(2), because under <u>Hillery</u>, it should have been filed in the San Joaquin County Superior Court.[5]  Therefore, petitioner is not entitled to tolling of the limitations period while the appellate court petition was pending.  Because there is no basis to

---

[4] In his opposition, petitioner acknowledges that his court of appeal petition was denied because the appellate court was of the opinion that the petition should have been filed in the superior court first.  Opp'n at 3:5-8.  Petitioner makes no attempt to argue that this decision, particularly with respect to the type of fact-intensive ineffective assistance claims petitioner raised before the appellate court, was wrong.

[5] <u>Hillery</u> makes clear that the appellate court had jurisdiction to hear petitioner's claims.  <u>Hillery</u>, 202 Cal.App.2d at 294.  Simply because a court has jurisdiction to hear a petitioner's post-conviction claims does not necessarily mean that a petition filed in that court is "properly filed" for purposes of 28 U.S.C. § 2244(d)(2).  <u>See</u> <u>Pace v. DiGuglielmo</u>, 544 U.S. 408, 413-14 (2005) (time-barred state habeas petition was not "properly filed" under 28 U.S.C. § 2244(d)(2) even though state court had jurisdiction to consider whether there was an exception to the timely filing requirement).

toll the limitations period after May 15, 2004, this action, filed more than a month after the last day of the period, is time-barred.

Respondent also argues that petitioner has not exhausted state court remedies with respect to certain claims. In light of the foregoing, the court need not reach this argument.

In accordance with the above, IT IS HEREBY ORDERED that Thomas Felker is substituted as respondent for David Runnels.

IT IS HEREBY RECOMMENDED that:

1. Respondent's February 23, 2006 motion to dismiss be granted; and

2. This action be dismissed.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within twenty days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any reply to the objections shall be served and filed within ten days after service of the objections. The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED: August 15, 2006.

_____
UNITED STATES MAGISTRATE JUDGE

1
pere1369.157